```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       SOUTHERN DIVISION at LONDON
```

GREGORY SHOEMAKER,            )
                              )
    Plaintiff,                )
                              ) Civil Action No. 07-410-JMH
                              )
v.                            )
                              )
MICHAEL J. ASTRUE, COMMISSIONER ) **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,           )
                              )
    Defendant.                )
                              )
                              )

                  \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 9 and 11]¹ on Plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income ("SSI"). The Court, having reviewed the record and for the reasons set forth herein, will grant Plaintiff's Motion for Summary Judgment [Record No. 9] and deny the Motion for Summary Judgment filed by the Commissioner. [Record No. 11].

**I. OVERVIEW OF THE ALJ HEARING**

In determining whether a claimant is disabled or not, the ALJ conducts the following five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled,

---

¹ These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

regardless of the claimant's medical condition.

2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II. THE ADMINISTRATIVE DECISION

Plaintiff Gregory Shoemaker filed his current application for Supplemental Security Income ("SSI") on May 23, 2003. (TR 78-80).[2]

---

[2] This is Plaintiff's fourth application for benefits. Plaintiff's first application, filed on February 3, 1995, was denied initially, and not pursued any further. Plaintiff's

The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ.  On September 12, 2005, the claimant appeared for an administrative hearing before Administrative Law Judge ("ALJ") Frank Letchworth, and on January 17, 2006, the ALJ issued a decision denying Plaintiff's claim. (TR 9-22).  The Appeals Council denied Plaintiff's request for review, and Plaintiff sought judicial review of the Commissioner's final decision.  On April 10, 2007, this Court remanded Plaintiff's claim to the Commissioner pursuant to 42 U.S.C. § 405(g) for further development. (TR 588-595).

On August 6, 2007, a new hearing was held. (TR 536-546).  At the time of the most recent hearing, Plaintiff was 44 years old.  He has a tenth grade education, and no relevant past work.  He alleges disability beginning October 26, 2001, due to back pain, chest pain, leg pain, and a mental impairment.  At steps one and two of the administrative process, the ALJ concluded that Plaintiff had not engaged in any gainful activity, and that he had the following severe impairments:

> degenerative disc and joint disease of the thoracic and lumbar spine, mild thoracic scoliosis, a history of compression fractures and chronic back and bilateral hip/lower extremity pain/numbness, post-traumatic arthritis of the left elbow, a history of

---

second application was filed on December 8, 1995.  That application was denied by an ALJ on January 18, 1997.  His third application for benefits was filed on October 2, 1998, and was denied by an ALJ on May 26, 2000. (TR 36-47).

> finger fractures and left hand arthritis, probable carpal tunnel syndrome, alcohol dependence and substance abuse disorder in partial sustained remission, and a personality disorder.

(TR 538-539, Finding No. 2). However, under step three, the ALJ found that these impairments were not severe enough to meet or medically equal one of the listed impairments in Appendix 1 to Subpart P of the regulations. (TR 541, Finding No. 3). At the fourth step, the ALJ found that Plaintiff retained the residual functional capacity for light work with these exceptions:

> he is limited to lifting/carrying up to 15 pounds, sitting 30 to 45 minute intervals up to 4 hours of an 8 hour day and standing/walking in 30 minute intervals up to 4 of 8 hours; he is limited to no greater than occasional climbing, stooping, crouching, and crawling or gripping/grasping with the dominant right hand; he must avoid exposure to dust, fumes, chemicals, and noxious gases and unprotected heights, he has mild to moderate limitations in dealing with supervisors or coworkers and responding to changes in the work setting routine; he is precluded from work that requires more than casual public contact or the performance of simple 1 to 2 step instructions and tasks.

(TR 542, Finding No. 4). Relying on the testimony of a vocational expert, the ALJ determined that although Plaintiff has no past relevant work, jobs exist in significant numbers in the national economy that the Plaintiff can perform. (TR, 545). Consequently, Plaintiff was found not disabled.

The ALJ's decision became the final decision of the Commissioner when the Appeals Council declined to assume

4

jurisdiction. Plaintiff then filed this civil action seeking judicial review of the Commissioner's decision.

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. §405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health and Human Servs.* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### IV. ANALYSIS

Plaintiff's sole argument on appeal is that because the ALJ relied on the vocational expert's response to a hypothetical question that did not accurately include all of Plaintiff's limitations, the decision to deny disability benefits is not supported by substantial evidence. This Court agrees. However, the current record also does not mandate an immediate award of SSI.

5

Therefore, the Court must grant Plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration.

Plaintiff argues that the ALJ's hypothetical to the vocational expert inaccurately reflected the diagnoses of two of his physicians, Dr. Kevin Eggerman and Dr. Robert Hoskins. The Sixth Circuit Court of Appeals has found that "[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'" *Varley v. Sec. of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)(*quoting Podedworny v. Harris*, 745 F.2d 210, 218 (3d. Cir. 1984)(alteration in original). At the April 10, 2007 administrative hearing, the ALJ submitted the following hypothetical question to the vocational expert, Ms. Jane Roberson:

> ... assume the claimant is capable of performing lifting and carrying up to 15, that's 1-5, pounds occasionally; sitting in 30- to 45-minute intervals for up to four hours during an eight-hour workday; standing and/or walking in 30 minute intervals for up to four of eight hours in an eight-hour workday. The claimant can perform occasional climbing, stooping, crouching, crawling, or gripping/grasping with the right, and that's your dominant right hand. He should avoid exposure to unprotected heights or concentrated levels of dust, fumes, smoke, chemicals, or noxious gases. He can perform simple one or two step instructions. He

> cannot have contact with the general public.[3]
> In addition, the claimant has mild to moderate difficulty or limitation dealing with supervisors or coworkers. The claimant has mild to moderate difficulty in responding to changes in work settings or routines. The claimant has moderate difficulty in dealing with work pressures. Now, with this set of restrictions, Ms. Roberson, and considering the claimant's young age, limited education, and lack of work experience, would there be jobs in the regional or national economies that such a person might perform?

(TR 573-574). In response, the vocational expert stated that examples of jobs such an individual could perform would be a ticket taker and a reduced number of counter clerk positions. (TR 573-575).

The Court will examine the ALJ's handling of each doctor's diagnosis individually.

**A. Dr. Eggerman**

After conducting a consultative psychological evaluation, Dr. Eggerman concluded, *inter alia*, that Plaintiff had "mild to moderate" limitations in his ability to interact appropriately with the public. (TR 156). Plaintiff argues that the ALJ's asking the vocational expert to assume someone that is "precluded from more than casual public contact," fails to accurately characterize the

---

[3] In a subsequent exchange between the ALJ and the vocational expert, the ALJ modified "no public contact" to include "no more than casual public contact." (TR 575). The vocational expert later described casual public contact as meaning "where there would just be very minimal, quick contact, with no conversation or, or exchange ..." (TR 577).

7

limitations espoused by Dr. Eggerman. The Court finds this argument unpersuasive. The hypothetical posed to the vocational expert does not need to state the claimant's medical conditions verbatim. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Rather, what the hypothetical should include is an "accurate [] potray[al] [of plaintiff's] individual physical and mental impairment[s]." *Id.*(*quoting Varley,* 820 F.2d at 779). Dr. Eggerman did not conclude that Plaintiff could have no contact with the public, he concluded that Plaintiff had mild to moderate limitations in his ability to interact with the public. By limiting Plaintiff's contact with the public to no more than casual, the ALJ accurately portrayed Plaintiff's limitations in dealing with the public.

**B. Dr. Hoskins**

Next, Plaintiff argues that the ALJ's hypothetical to the vocational expert omitted limitations assessed by Dr. Hoskins, one of Plaintiff's treating physicians. The relevant medical records from Dr. Hoskins consist of two separate medical reports, one from February 12, 2004, and another from May 5, 2005. The ALJ stated in his ruling that he accorded great weight to Dr. Hoskins medical statements, noting, "where in conflict, I have adopted the more restrictive limitations denoted in either 2004 or 2005, based on Dr. Hoskins notes regarding the objective evidence and clinical findings." (TR 544). However, as the Plaintiff correctly points

out, the ALJ's hypothetical materially differed from Dr. Hoskins's reports. In his reports, Dr. Hoskins opined that the Plaintiff should *never* climb, stoop, crouch, and crawl, that Plaintiff had limitations in his ability to reach, handle, and feel, and that the Plaintiff is precluded from balancing, and restricted from pushing/pulling. (TR 175, 501)(emphasis added). In contrast, the ALJ's hypothetical question to the vocational expert considered an individual that could occasionally climb, stoop, crouch, crawl and grip/grasp with his right hand. The ALJ's hypothetical did not include any limitations for balancing, pushing/pulling or reaching, handling, or feeling.

The ALJ failed to ensure that the hypothetical question posed to the vocational expert adequately and accurately described Plaintiff's limitations. If, as here, the hypothetical question does not accurately portray Plaintiff's limitations, the vocational expert's testimony in response to the hypothetical question may not serve as substantial evidence in support of the ALJ's finding that Plaintiff could perform other work. *See Lancaster v. Comm'r of Soc. Sec.*, 228 Fed.Appx. 563, 573 (6th Cir. 2007); *see also Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 241 (6th Cir. 2002)("The hypothetical question [] fails to describe accurately [Plaintiff's] physical and mental impairments; a defect which ... is fatal to the [vocational expert's] testimony and the ALJ's reliance upon it"). Furthermore, contrary to the Commissioner's argument, this Court

9

cannot assume that had the vocational expert been instructed properly, he would have found that Plaintiff could perform the jobs of ticket taker, counter clerk, or any other job existing in significant numbers in the national economy. *Id ; see also Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985)("we cannot assume that the vocational expert would have answered in a similar manner had the ALJ instructed him to consider all of the appellant's severe impairments.")

Accordingly, this case must be remanded pursuant to Sentence Four of 42 U.S.C. 405(g) for further administrative proceedings consistent with this decision.

**IV. CONCLUSION**

Accordingly, and for the foregoing reasons,

**IT IS ORDERED:**

(1) That Plaintiff's motion for summary judgment [Record No. 9] be, and the same hereby is, **GRANTED**; and

(2) That the Commissioner's motion for summary judgment [Record No. 11] be, and the same hereby is, **DENIED**.

This the 22nd day of July, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

10